**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CIVIL ACTION NO. 06-47-DLB**

**TAMMY HATFIELD (POTTER)**                                                              **PLAINTIFF**

**vs.**                              **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                   **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tammy Hatfield filed an application for supplemental security income (SSI) payments on April 30, 2001.  Her application was denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on January 22, 2003, in Prestonsburg, Kentucky.  On April 2, 2003, ALJ James D. Kemper issued an unfavorable decision, finding that Plaintiff was not disabled.  The Appeals Council granted Plaintiff's request for review, and remanded the case back to the ALJ on June 18, 2004.  The ALJ presided over a supplemental hearing on February 15, 2005.  Thereafter, on March 24, 2005, he issued another denial decision.  The Appeals Council denied

1

Plaintiff's request for further review by letter dated January 14, 2006.  It is from that decision that Plaintiff now appeals.

Plaintiff, who was 34 years old at the time of the first hearing (36 years old at the time of the second), has a high school education and alleges an inability to work beginning on April 23, 2001 due to "orthopedic conditions[,] reflex sympathetic distropathy [sic] disease, fingers are drawn inward, pain in back, hands, neck, and legs, breathing conditions including asthma, high blood pressure, thyroid problem, irritable bowel syndrome, history of blood clots, surgery on hemroids [sic], freeze very easy ...." (Tr. 541). At the initial hearing before the ALJ, Plaintiff also indicated that she has difficulty using her hands and has to wear gloves; she gets shots in her throat to alleviate the pain in her hands, and tried physical therapy; her right leg and arm gives out on her; she cannot lift over two pounds, she can sit for 10 minutes, stand for 5 minutes, and she walks with a cane; she was diagnosed with reflex sympathetic dystrophy syndrome (RSD) after she was involved in an automobile accident in August 2000; she has headaches all the time; she has difficulty being around people for fear of being ridiculed; she uses an asthma machine; she has heartburn; she uses the restroom 15-20 times per day, depending on her diet; and her entire back hurts.  At the supplemental hearing, Plaintiff testified that she has high cholesterol; she was still experiencing problems with her hands; and she has a leaking heart valve/heart murmur and fibromyalgia.

Having exhausted her administrative remedies, Plaintiff filed the instant suit on February 23, 2006.  The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

2

## II.  DISCUSSION

### A.      Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.      The ALJ's Determination

3

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 24).  At Steps 2 and 3, the ALJ found that Plaintiff's depressive disorder (not otherwise specified), somatoform disorder, and borderline intellectual functioning (BIF) constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 26-27).  At Step 4, the ALJ found that Plaintiff has no exertional limitations, but non-exertionally she has a good ability to maintain personal appearance and understand, remember, and carry out simple job instructions; a fair ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, behave in an emotionally stable manner, relate predictably in social situations, demonstrate reliability, and understand, remember, and carry out detailed, but not complex, job instructions; and a poor ability to understand, remember, and carry out complex job instructions.  (Tr. 28).

Based upon these findings, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a cashier.  (Tr. 30).  At Step 5, however, the ALJ found that there are a significant number of jobs - at all exertional levels - that Plaintiff can perform despite her limitations, including janitor, laundry worker, domestic cleaner, clerical worker, and filling machine operator.  (Tr. 30). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.    Analysis**

4

In this appeal, Plaintiff's sole contention of error is that the ALJ should have recontacted her treating physician, Dr. Nick Raschella, to determine whether additional information was readily available, pursuant to 20 C.F.R. § 416.912(e).  Dr. Raschella diagnosed Plaintiff with RSD and fibromyalgia, and on April 30, 2002, completed a certificate of medical necessity for a motorized scooter indicating that she was only minimally ambulatory. (Tr. 472-73).  In response, the Commissioner argues that the record contained sufficient evidence for the ALJ to make a finding with respect to any alleged exertional limitations and, therefore, there was no need to recontact Dr. Raschella. Specifically, she notes that two state agency physicians concluded that Plaintiff did not have any severe physical impairments, one consultative examiner imposed no functional limitations, and another consultative examiner concluded that her "allegation that she has difficulty walking any distance is not supported by medical evidence and is considered not credible."  (Tr. 368, 376, 773, 780, 914-16).  Furthermore, the ALJ enlisted the aid of a medical expert, who ultimately concluded that Plaintiff's symptoms had an unknown etiology and her physical abilities were, in no way, restricted.  (Tr. 455-60).  According to the Commissioner, the ALJ fulfilled his duty to develop the record, *see* 20 C.F.R. § 416.912(d)-(f), and if Plaintiff was aware of any additional evidence from Dr. Raschella, it was her duty to identify and present it.

The record reflects that Plaintiff first began seeing Dr. Raschella, a family practitioner, in late 2000.  She was treated primarily for back and leg pain, and Dr. Raschella's treatment notes also reveal a diagnosis of RSD, though it appears that another physician actually made the diagnosis.  (Tr. 394).  Plaintiff continued seeing Dr. Raschella until late 2001.  (Tr. 392-404).   The only other evidence supplied by Dr. Raschella include:

5

1) a prescription for a motorized cart dated April 30, 2002 and indicating diagnoses of RSD and fibromyalgia, and 2) a certificate of medical necessity, dated that same day, for an electric scooter.  (Tr. 472-73).  It was on that certificate that Dr. Raschella indicated that Plaintiff can only minimally ambulate due to her RSD in her legs.  (Tr. 473).  This is the extent of the evidence provided by Dr. Raschella, in a transcript consisting of nearly one thousand pages.

The regulation upon which Plaintiff relies, 20 C.F.R. § 416.912(e), states:

> Recontacting medical sources. *When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled*, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. *We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques*. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.
> (2) We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

(emphasis added) 20 C.F.R. § 416.912(e).  In this case, the ALJ rejected Dr. Raschella's opinion that Plaintiff is minimally ambulatory for two reasons.  First, he noted that it was not supported by the evidence of record.  (Tr. 28).  The Court agrees, based upon the absence of any objective medical evidence in Dr. Raschella's treatment notes.  Second, the ALJ noted that Dr. Raschella's opinion was inconsistent with the other medical evidence

6

presented. (Tr. 28). As noted by the Commissioner, no medical source imposed any exertional limitations, much less found that Plaintiff suffered from a severe physical impairment.[1]  In short, the Court concludes that not only was the record sufficiently developed for the ALJ to make a determination regarding Plaintiff's RFC, but also that none of the factual prerequisites that trigger the recontact requirement were present. Therefore, the ALJ's determination is supported by substantial evidence, and Plaintiff's argument to the contrary is without merit.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this18th day of August, 2006.

---

[1]For the sake of completeness, the Court notes that consultative examiner Dr. John Rawlings opined that Plaintiff's "only impairment is resolving deep vein thrombosis of the right lower extremity ... [which] should have no more than minimal impact on work-related activity." (Tr. 368).

7



**Signed By:**

***David L. Bunning***   *DB*

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-06-47-PotterMOO.wpd

8